**Dale SAMFORD, Individually and d/b/a Sunset Homes**

v.

**Robert TOLLETT, Commissioner of Revenue.**

Supreme Court of Tennessee.

June 23, 1980.

Richard F. LaRoche, Jr., Murfreesboro, for appellants.

Joe C. Peel, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

OPINION

COOPER, Justice.

This appeal is from a decree of the Chancery Court of Rutherford County dismissing the action brought by Dale Samford, d/b/a Sunset Homes, to recover use taxes assessed under the provisions of T.C.A. § 67–3004, and paid under protest. The taxes were assessed on personal property used in the construction of a retirement home by the Sunset Square Association. Appellant contends that the evidence shows that he, in constructing the building, was not operating as a contractor but was operating in his capacity as an employee, officer, and director of the Sunset Square Association and, consequently, was not liable for the use tax assessed. The chancellor found to the contrary, and we concur in his finding.

The tax assessment was made under that part of T.C.A. § 67–3004, which provides that:

Where a contractor or subcontractor hereinafter defined as a dealer, uses tangible personal property in the performance of his contract, or to fulfill contract or subcontract obligations, whether the title to such property be in the contractor, subcontractor, contractee, subcontractee, or any other person, or whether the title holder of such property would be subject to pay the sales or use tax, . . ., such contractor or subcontractor shall pay a tax at the rate prescribed by § 67–3003 measured by the purchase price or fair market value of such property, whichever is greater, unless such property has been

previously subjected to a sales or use tax, and the tax due thereon has been paid.

Dale Samford is employed as Stewardship Director by the Sword of the Lord Foundation, and is also a member of the Foundation's Board of Directors. On the recommendation of Mr. Samford, in 1976, the Foundation decided to construct a retirement center for the elderly. Toward that end, a charter was secured from the State of Tennessee for the Sunset Square Association, a non-profit corporation. Mr. Samford is identified in the charter as an officer and director of the Association. He also is the sole proprietor of Sunset Homes, a construction company also organized in 1976.

The Sunset Square Association took bids for the construction of the retirement center. The bids were significantly higher than anticipated by the Association and were, consequently, rejected. Mr. Samford was then given the task of constructing the retirement center, which he did through the utilization of his company, Sunset Homes. Initially, materials purchased for use in the construction of the retirement center were billed to Sunset Homes. Shortly after construction began, Sunset Square Association received a tax exemption certificate from the State and, thereafter, materials purchased by Samford for the building project were billed by suppliers directly to the Association. All equipment used in constructing the retirement center was owned by the Sunset Homes and was rented to Sunset Square Association. The labor on the building was performed by employees of Sunset Homes. Sunset Homes invoiced the Sunset Square Association monthly for labor cost and equipment rental.

Dr. Alvin J. Byers, treasurer of both the Sword of the Lord Foundation and the Sunset Square Association, testified that Mr. Samford was not compensated by either organization for "being a construction man." He further testified that the minutes of neither organization had any reference to the construction of the retirement building, nor with the arrangement between Sunset Square Association and Mr. Samford.

Mr. Samford testified the billings he made to Sunset Square Association, other than for equipment rental, covered his costs only and did not include any remuneration to him. However, the federal tax return filed by Mr. Samford, covering operations for Sunset Homes for the year 1976, included $122,009.70 in gross income attributed specifically to "Cost plus job income [Sunset Square Association]." The retirement center is the only construction project undertaken by Mr. Samford for the Sunset Square Association in 1976.

The chancellor found, as a matter of fact, that appellant was the contractor for the construction of the retirement home and was liable for use taxes under T.C.A. § 67–3004. In doing so, the chancellor specifically called attention to the entry in appellant's tax return and emphasized that:

That particular entry . . . tells more than all the testimony that's been heard here.

■ We agree with the chancellor that the tax return speaks "definitely and loudly" and that it indicates that appellant constructed the retirement center on a cost-plus basis. And, on considering all the evidence, as did the chancellor, we find ourselves in agreement with him that appellant is liable under T.C.A. § 67–3004 for the use tax on materials used in the construction of the retirement center.

■ Appellant insists that under the circumstances of this case, he should be relieved of the penalty provided by T.C.A. § 67–3026 and assessed by the State on appellant's failure to pay the use taxes due. Appellant argues that since the tax "is being assessed because of a unique statutory interpretation causing a contract to arise in law regardless of the fact that there was no contract express or implied in fact between the parties themselves," in equity, he should be relieved from the penalty. There is no basis in the record for this argument. Appellant's liability for payment of use taxes was predicated upon a finding by the chancellor and by this court that a contract covering the construction of the retirement

center did exist, in fact, and that appellant was the contractor charged with the duty of constructing the center. Under this finding, there is no justification for the relieving of appellant of the statutory penalty. We concur, therefore, in the chancellor's action in refusing to do so.

The decree of the chancellor dismissing this action is affirmed and the cause is remanded. Cost incident to the appeal are adjudged against appellant and his surety.

BROCK, C. J., and FONES and HARBISON, JJ., concur.

HENRY, J., not participating.